**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1820**

---

BAZOMBIE PROSPER BAZIE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-187-336)

---

Submitted: February 17, 2006          Decided: March 1, 2006

---

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D.
Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright,
Assistant Director, Gretchen M. Wolfinger, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bazombie Prosper Bazie, a native and citizen of Burkina Faso, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of his requests for asylum,[*] withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Bazie contends that the Board and immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Bazie failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

Bazie also challenges the denial of his claim for protection under the Convention Against Torture. Because he failed to raise this claim before the Board, we find that we have no jurisdiction to consider this claim. See 8 U.S.C. § 1252(d)(1)

---

[*]Bazie does not challenge the Board's finding that he was statutorily barred from asylum. He has therefore waived appellate review of his asylum claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

(2000) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 861 (2005) (holding that we lack jurisdiction to consider an argument that was not raised before the Board).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>